IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF OHIO

EASTERN DIVISION

**KENDLE MARDIS,**
Plaintiff,

v.

**CAR SOURCE LTD., et al.,**
Defendants.

FILED
RICHARD W. NAGEL
CLERK OF COURT
2025 DEC 15 PM 1:13
U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

Case No. **2:25-cv-1237**
Judge **Edmund A. Sargus, Jr.**
Magistrate Judge **Kimberly A. Jolson**

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT CAR SOURCE LTD. TO FILE A PROPER AND COMPLETE CITIZENSHIP DISCLOSURE STATEMENT**

## I. INTRODUCTION

Plaintiff Kendle Mardis respectfully moves this Court for an Order compelling Defendant **Car Source Ltd.** to file a **proper, complete, and legally sufficient Citizenship Disclosure Statement** in compliance with **Fed. R. Civ. P. 7.1(a)(2)** and **28 U.S.C. § 1332.**

Defendant's filed Citizenship Disclosure Statement is **fatally defective**, as it fails to properly identify citizenship for purposes of diversity jurisdiction and instead lists **cities or locations**, which federal courts—including courts within the **Southern District of Ohio**—have repeatedly held to be insufficient as a matter of law.

Defendant's continued noncompliance reflects a **pattern of procedural delay**, impeding this Court's ability to independently confirm subject-matter jurisdiction and prejudicing Plaintiff.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure **7.1(a)(2)** requires a party in a diversity action to file a disclosure statement that **identifies the citizenship of every individual or entity whose citizenship is**

**attributed to that party**, so the Court may determine whether diversity jurisdiction exists under **28 U.S.C. § 1332**.

It is well settled that:

- Citizenship is determined by **state of domicile**, not residence or city;
- Limited liability companies and similar entities are citizens of **every state in which their members are citizens**;
- Failure to properly allege citizenship prevents the Court from confirming subject-matter jurisdiction.

## III. DEFENDANT'S CITIZENSHIP DISCLOSURE IS LEGALLY INSUFFICIENT

### A. Defendant Improperly Lists Cities Instead of States of Citizenship

Defendant's disclosure lists:

- **Mennin-Pink LTD — "Grove City, Ohio"**
- **Daniel Menninger — "Galena, Ohio"**

These entries are legally insufficient. Citizenship requires identification of the **state of domicile**, not a city or place of residence.

Courts within the Southern District of Ohio have consistently held that allegations of residence or location do not establish citizenship for diversity purposes.

"A statement of residency is insufficient to establish citizenship for purposes of diversity jurisdiction."
**Johnson v. Mitchell**, No. 2:20-cv-1882, 2020 WL 5649609, at *2 (S.D. Ohio Sept. 23, 2020).

"Allegations of residence rather than citizenship are insufficient to invoke diversity jurisdiction."
**Stifel v. Hopkins**, 477 F.2d 1116, 1120 (6th Cir. 1973).

### B. Defendant Failed to Properly Disclose the Citizenship of Mennin-Pink LTD

Defendant lists **Mennin-Pink LTD** but fails to identify:

- Its members;
- The state citizenship of each member;
- Any tracing of ownership as required by Sixth Circuit law.

The Sixth Circuit has made clear:

"For purposes of diversity jurisdiction, a limited liability company has the citizenship of each of its members."
**Delay v. Rosenthal Collins Group, LLC**, 585 F.3d 1003, 1005 (6th Cir. 2009).

Defendant's failure to do so renders its disclosure **incomplete and non-compliant**.

## IV. DEFENDANT'S DEFECTIVE DISCLOSURE IS PART OF A CONTINUING PATTERN OF PROCEDURAL DELAY

Defendant's failure to file a legally sufficient Citizenship Disclosure Statement should not be viewed as an isolated oversight. Rather, it is consistent with Defendant's broader litigation conduct, including **missed deadlines, delayed filings, and improper extension requests**.

Despite having multiple attorneys appear on its behalf, Defendant submitted a disclosure that fails to comply with Rule 7.1 and longstanding Sixth Circuit authority. As a result, the Court is unable to independently confirm subject-matter jurisdiction without further motion practice.

"Because subject-matter jurisdiction is fundamental, parties bear the burden of clearly and affirmatively alleging facts demonstrating diversity."
**Prime Rate Premium Fin. Corp. v. Larson**, 930 F.3d 759, 765 (6th Cir. 2019).

## V. DEFENDANT'S JURISDICTIONAL NONCOMPLIANCE UNDERMINES ITS PRIOR EXTENSION REQUESTS AND DEFAULT AVOIDANCE

Defendant's defective Citizenship Disclosure Statement must be considered alongside its prior failure to timely respond to Plaintiff's Complaint and its subsequent attempts to avoid default through extension requests.

While Defendant asserted diligence and good faith, the filing of a facially deficient jurisdictional disclosure—required early in the case—demonstrates otherwise. Defendant has had ample opportunity and legal resources to comply with federal procedural rules, yet continues to submit filings that fall below minimum standards.

"Carelessness or lack of reasonable diligence does not constitute good cause."
**Nafziger v. McDermott Int'l, Inc.**, 467 F.3d 514, 521 (6th Cir. 2006).

These deficiencies weigh against further leniency and should be considered in evaluating any future requests for extensions or relief from default.

## VI. RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

1. Order Defendant **Car Source Ltd.** to file a **corrected and fully compliant Citizenship Disclosure Statement within fourteen (14) days** of the Court's Order;
2. Require Defendant to properly identify the **state of citizenship (not residence or city)** of all individuals attributed to Defendant;
3. Require Defendant to identify each member of **Mennin-Pink LTD** and fully disclose the **state citizenship of each member**;
4. Grant such other and further relief as the Court deems just and proper.

## VII. CONCLUSION

Because Defendant's Citizenship Disclosure Statement is legally insufficient and obstructs the Court's ability to confirm subject-matter jurisdiction, Plaintiff respectfully requests that this Motion be granted.

Respectfully submitted,

**Kendle Mardis**
Plaintiff, Pro Se
P.O. Box 1622
Reynoldsburg, Ohio 43068
Email: kendlemardis1974@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 12 day of December, 2025, a true and correct copy of the foregoing **Plaintiff's Motion to Compel Defendant Car Source Ltd. to File a Proper and Complete Citizenship Disclosure Statement** was served via the Court's CM/ECF system and/or by U.S. Mail upon:

**Marc J. Kessler, Esq.**
41 South High Street, Suite 1800
Columbus, Ohio 43215
Attorney for Defendant Car Source Ltd.

**Kendle Mardis**