UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KENDLE MARDIS,**

      **Plaintiff,**                                **Case No. 2:25-cv-1237**
                                                    **Judge Edmund A. Sargus, Jr.**
     **v.**                                                   **Magistrate Judge Kimberly A. Jolson**

**DEALER LOYALTY PROTECTION,** *et al.***,**

      **Defendants.**

## OPINION AND ORDER

This matter is before the Court on the following motions filed by Plaintiff Kendle Mardis, who is proceeding *pro se*: three motions for entry of default or default judgment (ECF Nos. 18, 30, 35), a motion to strike and a motion for sanctions (ECF No. 18), a motion to compel (ECF No. 22), another motion to strike (ECF No. 31), and a "Motion to Execute Release of All Claims and Conditional Dismissal with Prejudice as to Defendant Car Source Only" (ECF No. 36).

A summary of the facts in this breach of insurance contract case is unnecessary for purposes of this Order.

The Court addresses and rules on the above motions in turn.

**I.**   **Motions for Default or Default Judgment**

All three motions for entry of default or default judgment are against Defendants Dealer Loyalty Protection, Inc. and Richard Benevento. (ECF Nos. 18, 30, 35.) They are two of three defendants named in Plaintiff's complaint (ECF No. 1) and will be collectively referred to as the "Dealer Loyalty Defendants." The three motions have been filed in the last two months. (ECF Nos. 18, 30, 35.)

Plaintiff appears to be asking the Court to enter default and default judgment against the Dealer Loyalty Defendants because they failed to answer or otherwise respond under Federal Rule of Civil Procedure 12. (*Id.*) But the docket reflects that the Dealer Loyalty Defendants timely moved to dismiss for lack of jurisdiction. (ECF No. 15; *see* ECF No. 12.) The Dealer Loyalty Defendants explain this as well in their opposition briefs to Plaintiff's motions. (ECF Nos. 24, 33, 37.)

Because the Dealer Loyalty Defendants have not "failed to plead or otherwise defend," Plaintiff's motions for entry of default or default judgment are **DENIED**. (ECF Nos. 18, 30, 35.)

## II. Plaintiff's Motions to Strike and Motion for Sanctions

In one of Plaintiff's motion for entry of default, he also asks the Court to "Strike Any Late Answer, and for Rule 11 Sanctions." (ECF No. 18.) For the same reasons as stated above, because the Dealer Loyalty Defendants are not in default, Plaintiff's request for the Court to strike any late answers is **DENIED as moot** and for sanctions under Federal Rule of Civil Procedure 11 is **DENIED**. (ECF No. 18.)

## III. The Dealer Loyalty Defendants' Sanctions Request

In their opposition briefs to Plaintiff's motions for default, the Dealer Loyalty Defendants ask the Court to award attorneys' fees under 28 U.S.C. § 1927, or alternatively, sanction Plaintiff under Rule 11. (*See* ECF Nos. 24, 33, 37.) The Dealer Loyalty Defendants argue that Plaintiff's litigation strategy constitutes "vexatious and unreasonable multiplication of proceedings," specifically, Plaintiff's filing the same motion multiple times even though the Dealer Loyalty Defendants had complied with filing deadlines. (*See, e.g.*, ECF No. 24, PageID 105–08.)

As for attorneys' fees, 28 U.S.C. § 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case

>> unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Next, subsection (b) of Rule 11 provides that by presenting a paper to the Court:

> [A]n attorney *or unrepresented party* certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) [A pleading, written motion, or other paper] is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed. R. Civ. P. 11(b) (emphasis added).

"A party seeking sanctions must follow a two-step process: first, serve the Rule 11 motion on the opposing party for a designated period (at least twenty-one days); and then file the motion with the court." *Ridder v. City of Springfield*, 109 F.3d 288, 294 (6th Cir. 1997); Fed. R. Civ. P. 11(c)(2); *see First Bank of Marietta v. Hartford Underwriters Ins.*, 307 F.3d 501, 510 (6th Cir. 2002) (explaining Rule 11's safe harbor requirements); *Hairston v. Sparks*, No. 1:22-CV-104, 2025 WL 349007, at *9 (S.D. Ohio Jan. 31, 2025) (Silvain, Jr., M.J.) (describing the safe harbor process as an "absolute requirement"). Subsection (c) of Rule 11 details that if, after notice and a reasonable opportunity to respond, the Court determines that subsection (b) has been violated, it "may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). And subsection (c)(4) explains the nature of the sanction may include "nonmonetary directives; an order to pay a

3

penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorneys' fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4). "Even *pro se* litigants, regardless of their level of legal sophistication, may not disregard the law or engage in abusive conduct." *Jamar-Mamon X v. Univ. of Cincinnati*, No. 1:24-CV-484, 2024 WL 4878829, at *5 (S.D. Ohio Nov. 25, 2024) (Barrett, J.) (citing *Givens v. Criswell*, No. 5:08-CV-25, 2010 WL 10862445, at *2–3 (N.D. W. Va. June 24, 2010)).

The Court **DENIES without prejudice** the Dealer Loyalty Defendants' request for attorneys' fees, or alternatively, sanctions. Dealer Loyalty Defendants may refile a similar motion but must include an assertion that they have complied with Rule 11's safe harbor filing requirements.

That said, Plaintiff is **WARNED** that if he continues behavior that multiplies the proceedings unreasonably or vexatiously, he may be sanctioned or owe attorneys' fees. Moreover, both Car Source and the Dealer Loyalty Defendants point out that Plaintiff is citing hallucinated cases that do not exist, likely generated by artificial intelligence ("AI"). (*See* ECF No. 23, PageID 100 (explaining "Plaintiff cites *Johnson v. Mitchell*, 2:20-cv-1882, 2020 WL 5649609 (S.D. Ohio Sept. 23, 2020) for the proposition that Car Source's disclosure is insufficient. (ECF No. 22, PAGEID #97). But the case does not exist, it is hallucinated."); ECF No. 37, PageID 151 ("Plaintiff appears to be utilizing AI-generated briefs and 'fake, hallucinated law' that ignore the actual facts of the docket and prior Court orders.").)

As Rule 11 states, by presenting a paper, Plaintiff certifies that to the best of his knowledge "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing

4

new law." Fed. R. Civ. P. 11(b)(2). By citing to AI-generated, hallucinated caselaw, Plaintiff is violating Rule 11. He is **DIRECTED** to cease this behavior and is **WARNED** that if this behavior continues, he could face Court-ordered sanctions.

## IV. Other Motions

Plaintiff filed a "Motion to Compel Defendant Car Source Ltd. To File a Proper and Complete Citizenship Disclosure Statement." (ECF No. 22.) As Car Source responds, it has complied with Federal Rule of Civil Procedure 7.1. (ECF No. 23.) The Motion is **DENIED**. (ECF No. 22.)

Plaintiff also filed a "Motion to Strike or Disregard Defendants' Successive and Duplicative Filings and to Enforce Orderly Motion Practice." (ECF No. 31.) This Motion is **DENIED**. Defendants' filings are in response to *Plaintiff's* duplicative filings.

## V. No More Filings

This Court has limited resources, and Plaintiff's successive filings do not promote the interests of justice. *See In re McDonald*, 489 U.S. 180, 184 (1989) ("Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice."). Furthermore, "[m]atters of docket control . . . are within the sound discretion of the district court." *Jones v. Northcoast Behav. Healthcare Sys.,* 84 F. App'x 597, 599 (6th Cir. 2003).

There are two ripe motions to dismiss for lack of jurisdiction pending. (ECF Nos. 6, 15.) The Court will not consider any other filings from Plaintiff until resolution of those motions to dismiss. The Court **ORDERS** Plaintiff to cease filing documents in this case. The Court may **STRIKE** any new filings from the record, and Defendants not need to respond to any filings by

5

Plaintiff unless otherwise directed by the Court until resolution of the motions to dismiss.

One such direction to the Defendants: On February 4, 2026, Plaintiff filed a "Motion to Execute Release of All Claims and Conditional Dismissal with Prejudice as to Defendant Car Source Only." (ECF No. 36.) Plaintiff states that he and "Defendant Care Source, through counsel Marc Kessler, have reached a settlement agreement resolving all claims asserted against Car Source only, contingent upon execution of a written release and payment of agreed settlement funds." (*Id.* PageID 145.) Defendant Car Source Ltd. is **ORDERED to respond within 21 days of the date of this Order**, given the motion is not joint or signed by Car Source. Given the pending motions to dismiss for lack of jurisdiction, in its response, Car Source must address whether it is a "dispensable nondiverse party." *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 572–73 (2004) (citing *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 832 (1989) ("it is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time")). The Dealer Loyalty Defendants may file a response within 21 days of the date of this order as well but are not ordered to do so. No reply from Plaintiff will be accepted.

VI. **Conclusion**

In sum, the following motions are **DENIED**: Motion for Default Judgment against Dealer Loyalty Protection, Inc. and Richard Benevento (ECF No. 18); Motion for Default Judgment against Dealer Loyalty Protection, Inc. and Richard Benevento (ECF No. 30); and Motion for Default Judgment (ECF No. 35). Plaintiff's Motion to Strike Any Late Answer (ECF No. 18) is **DENIED as moot** and Plaintiff's Motion for Rule 11 Sanctions (ECF No. 18) is **DENIED**. Plaintiff's Motion to Compel Defendant Car Source Ltd. to File a Proper and Complete Citizenship Disclosure Statement (ECF No. 22) and Motion to Strike or Disregard Defendants'

Successive and Duplicative Filings and to Enforce Orderly Motion Practice (ECF No. 31) are **DENIED**.

Dealer Loyalty Protection, Inc. and Richard Benevento's request for attorneys' fees, or alternatively, sanctions is **DENIED without prejudice** to refiling. (*See* ECF Nos. 24, 33, 37.) Plaintiff is **WARNED** that if he continues behavior that multiplies the proceedings unreasonably or vexatiously, he may be sanctioned or owe attorneys' fees. He is also **WARNED** that if he continues to cite AI-generated, hallucinated caselaw, he could face Court-ordered sanctions.

The Court **ORDERS** Plaintiff to cease filing documents in this case. The Court may **STRIKE** any new filings from the record, and Defendants not need to respond to any new filings unless otherwise directed by the Court until resolution of the motions to dismiss. Except Defendant Car Source Ltd. is **ORDERED to respond within 21 days of the date of this Order**, given Plaintiff's motion to dismiss Car Source (ECF No. 36) is not joint or signed by Car Source. Further, given the pending motions to dismiss for lack of jurisdiction, in its response, Car Source must address whether it is a "dispensable nondiverse party." The Dealer Loyalty Defendants may file a response within 21 days of the date of this Order as well but are not ordered to do so. No reply from Plaintiff will be accepted.

This case remains open.

**IT IS SO ORDERED.**

**2/18/2026**                                                     s/Edmund A. Sargus, Jr.
**DATE**                                                             **EDMUND A. SARGUS, JR.**
                                                                            **UNITED STATES DISTRICT JUDGE**