**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**KENDLE MARDIS,**

**Plaintiff,**

**v.**

**Case Number 2:25-cv-1237**
**Judge Edmund A. Sargus, Jr.**
**Magistrate Judge Kimberly A. Jolson**

**DEALER LOYALTY PROTECTION, *et al.*,**

**Defendants.**

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Kendle Mardis's Motion to Execute Release of All Claims & Conditional Dismissal with Prejudice as to Defendant Car Source Only (ECF No. 36); Defendant Car Source Ltd.'s Motion to Dismiss for Lack of Jurisdiction (ECF No. 6); and Defendants Dealer Loyalty Protection, Inc. and Richard Benevento's (together, "the Dealer Loyalty Defendants") Motion to Dismiss for Lack of Jurisdiction (ECF No. 15).

For the reasons stated in this Opinion and Order, the Court **DENIES** Mr. Mardis's motion (ECF No. 36); **DENIES as moot** Car Source's motion (ECF No. 6); **GRANTS** Dealer Loyalty Defendants' motion (ECF. No. 15); and **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims against all Defendants.

**BACKGROUND**

Mr. Mardis, proceeding *pro se*, filed a Complaint against Defendants in October 2025 alleging breach of contract and "bad faith denial of a valid gap claim." (Compl., ECF No. 1, PageID 4.) Mr. Mardis alleges that he purchased a 2020 BMW from Car Source in Ohio in June 2024. (*Id*. PageID 3.) As part of the transaction, Mr. Mardis alleges Car Source referred and sold

him a gap policy[1] administered by Dealer Loyalty. (*Id.*) According to Mr. Mardis, the policy covers the difference between the vehicle's actual cash value and the remaining loan balance on the vehicle in the event of a total loss. (*Id.*)

Mr. Mardis states he experienced a total loss on the vehicle on March 1, 2025. (*Id.*) He alleges that Dealer Loyalty denied his gap claim on the basis that the vehicle was undervalued in the insurance settlement. (*Id.*) He also alleges that Dealer Loyalty has a history of denying valid gap claims and Car Source knew that when it sold him the policy. (*Id.*) As a result, Mr. Mardis alleges that he suffered financial losses, credit harm, and emotional distress. (*Id.* PageID 7.) Mr. Mardis sues each Defendant for $100,000. (*Id.* PageID 4.)

Car Source and the Dealer Loyalty Defendants filed motions to dismiss the Complaint. (ECF Nos. 6, 15.) Mr. Mardis opposed Car Source's Motion (ECF No. 9), Car Source filed a reply (ECF No. 14), and Mr. Mardis filed a sur-reply without leave of the Court[2] (ECF No. 17). Mr. Mardis did not file a response in opposition to the Dealer Loyalty Defendants' Motion to Dismiss and the Dealer Loyalty Defendants did not file a reply.

---

[1] Plaintiff alleges the policy is a "gap insurance and warranty coverage" and refers to his claim as a "gap insurance claim." (Compl., PageID 4.) The Dealer Loyalty Defendants contend that a "GAP Waiver" is not insurance. (ECF No. 15, PageID 61.) No party has provided the contract, so the Court cannot determine the nature of the agreement or who the parties to the agreement are.

[2] A party does not have an automatic right to file a sur-reply and must seek leave of court for good cause to do so. S.D. Ohio Civ. R. 7.2(a)(2). Courts generally find good cause "where the reply brief raised new grounds that were not included in the movant's initial motion" or "where a party seeks to clarify misstatements contained in the reply brief." *Canter v. Alkermes Blue Care Elect Preferred Provider Plan*, 593 F. Supp. 3d 737, 744–45 (S.D. Ohio 2022) (Cole, J.). A sur-reply is not an opportunity to make new arguments. Because *pro se* litigants' filings are subject to "less stringent standards than formal pleadings drafted by lawyers," *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), the Court will take Plaintiff's sur-reply into consideration.

Subsequently, Mr. Mardis filed a "Motion to Execute Release of All Claims and Conditional Dismissal with Prejudice as to Defendant Car Source Only" seeking to dismiss all claims against Car Source as a result of a purported settlement between Mr. Mardis and Car Source. (ECF No. 36.) The Court ordered Car Source to respond and address whether it is a dispensable nondiverse party and permitted the Dealer Loyalty Defendants to file an optional response. (ECF No. 38). Both Car Source and the Dealer Loyalty Defendants filed responses. (ECF Nos. 41, 42.)

These matters are ripe for the Court's review.

## ANALYSIS

The Court first considers Plaintiff's Motion to Execute Release of All Claims & Conditional Dismissal with Prejudice as to Defendant Car Source Only. (ECF No. 36.) The Court then turns to the Motions to Dismiss. (ECF Nos. 6, 15.)

### I. Mr. Mardis's Motion to Execute Release of All Claims and Conditional Dismissal with Prejudice as to Defendant Car Source Only (ECF No. 36)

The Court addresses two preliminary matters before considering Mr. Mardis's Motion. First, Mr. Mardis moves to dismiss his claims against Car Source under Federal Rule of Civil Procedure 41(a)(2). But "[u]nder the law of this Circuit, Rule 41(a) can only be used to dismiss entire actions, not claims." *Kinder v. Norfolk S. Corp.*, No. 4:25-cv-169, 2025 WL 2878170, at *1 (N.D. Ohio Oct. 9, 2025) (quoting *Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961)). The appropriate mechanism to dismiss fewer than all claims or drop a party is Rule 21. *Id.*; *AmSouth Bank v. Dale*, 386 F.3d 763, 778 (6th Cir. 2004). Accordingly, the Court construes Plaintiff's Motion as a motion to drop Car Source as a party under Rule 21.

The second preliminary matter is jurisdiction. Mr. Mardis purports to bring this action under both diversity jurisdiction and federal question jurisdiction. (Compl., PageID 2.) But

because Mr. Mardis does not identify a federal question on the face of his Complaint, he fails to establish federal question diversity. *See Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914 (6th Cir. 2007) ("Federal question jurisdiction under 28 U.S.C. § 1331 is proper only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.") (citation modified). Even liberally construed, no federal question is discernable on the face of Mr. Mardis's Complaint. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) ("[L]iberal construction [of pro se pleadings] does not require a court to conjure allegations on a litigant's behalf.") (citation modified).

Mr. Mardis's sur-reply states that he is bringing the suit under the Federal Trade Commission Act (15 U.S.C. § 45) and the Dodd-Frank Act. (ECF No. 17, PageID 83.) But the Federal Trade Commission Act does not provide a private right of action. *Allen v. Wenco Mgmt., LLC*, 696 F. Supp. 3d 432, 440 (N.D. Ohio 2023). And the Dodd-Frank Act is inapplicable in this case. *Livevideo.Ai Corp. v. Redstone*, No. 24-CV-6290 (DEH) (BCM), 2025 WL 2933706, at *16 (S.D.N.Y. Aug. 12, 2025) (explaining that the Dodd-Frank Act grants a private right of action to whistleblowers against retaliation by their employers).

As for diversity jurisdiction, as discussed further below, there is no complete diversity if Car Source remains a party to this action. Mr. Mardis is a citizen of Ohio (Compl., PageID 1) and Car Source, as a limited liability company, is domiciled where its members and sub-members are citizens, which is Ohio. (ECF No. 27); *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). The Dealer Loyalty Defendants are citizens of New Jersey. (ECF No. 32.)

Whether it is Mr. Mardis's intention or not, his motion to dismiss Car Source only would effectively cure the diversity issue. Generally, "a party may not create diversity by dropping a

nondiverse and *indispensable* party," but it is "appropriate to drop a nondiverse and *dispensable* party from litigation in order to achieve diversity." *Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 763 (6th Cir. 1999) (emphasis added); *see also Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 572–73 (2004); *Safeco Ins. Co. of Am. v. City of White House, Tenn.*, 36 F.3d 540, 545 (6th Cir. 1994). Thus, Plaintiff's Motion hinges on whether Car Source is a dispensable nondiverse party in this lawsuit.

Courts apply a two-step framework under Federal Rule of Civil Procedure 19 to determine whether a nondiverse party is dispensable. *Soberay*, 181 F.3d at 763–64. First, courts determine whether the party is necessary under Rule 19(a). *Id.* A party is necessary under Rule 19(a) if (1) complete relief cannot be given to existing parties in its absence; (2) disposition in its absence may impair its ability to protect its interest in the controversy; or (3) its absence would expose existing parties to substantial risk of double or inconsistent obligations. Fed. R. Civ. P. 19(a)(1); *see also Safeco Ins. Co*., 36 F.3d at 546. If the party is necessary, courts then determine whether the party is indispensable under Rule 19(b). *Soberay*, 181 F.3d at 764. A party is indispensable under Rule 19(b) if (1) a judgment rendered in the person's absence might prejudice the person or existing parties; (2) such prejudice could be lessened or avoided; (3) a judgment rendered in the party's absence would be adequate; and (4) the plaintiff has an adequate remedy if the action was dismissed for nonjoinder. Fed. R. Civ. P. 19(b); *Soberay*, 181 F.3d at 764.

Car Source says it is a dispensable nondiverse party. (ECF No. 42, PageID 171.) It states, without explaining why or how, that (1) "its absence does not threaten complete relief, impede or impair the ability of an interested person to protect that interest, or subject existing parties to double or inconsistent obligations" and (2) "the resolution of the claims against Car Source

would not resolve the claims against the other Defendants." (*Id*. (citing *H.R. ex rel. Reuter v. Medtronic, Inc.*, 996 F. Supp. 2d 671, 682 (S.D. Ohio 2014) (Black, J.) and *In re Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Prods. Liab. Litig.*, No. 2:18-MD-2846, 2023 WL 3972499, at *2 (S.D. Ohio June 13, 2023).) In other words, Car Source merely restates the standard and provides no analysis or facts regarding how it applies here.

The Dealer Loyalty Defendants oppose the dismissal of Car Source. (ECF No. 41.) They state that Car Source is a necessary party because Mr. Mardis's claims arise from a "vehicle and service contract sold by [Car Source]." (*Id.* PageID 170.) They contend that (1) the agreement between Dealer Loyalty and Car Source includes an indemnification provision that Dealer Loyalty would assert on a crossclaim or third-party complaint and (2) dismissing Car Source would be prejudicial to Dealer Loyalty's contractual rights "which cannot be quantified until the final disposition of this [a]ction." (*Id.*)

Although the Dealer Loyalty Defendants assert that Car Source and Dealer Loyalty have a contractual relationship, a party to an indemnity agreement is not per se necessary and indispensable. *Est. of Plott v. Dep't of Health and Human Servs.*, 151 F.4th 848, 853–54 (6th Cir. 2025). Rather, whether a party is necessary and indispensable depends on the case-specific facts and analysis of the contractual relationships among the parties. (*Id.*) Because Mr. Mardis and Car Source provide minimal facts and no contracts, the Court cannot conduct a fact-specific analysis to determine whether Car Source is necessary or indispensable under Rule 19.

Reviewing the Complaint, the Court is not persuaded that Car Source is a dispensable party. Mr. Mardis brings his claims, which arise out of one set of facts, against all Defendants collectively. *See In re Davol*, 2023 WL 3972499, at *2 (severing nondiverse defendants where the claims against them were legally and factually distinct from the claims against the diverse

defendants). He states that Car Source sold him a gap insurance policy administered by Dealer Loyalty and he relied on both Car Source's and Dealer Loyalty's representations. (Compl., PageID 3.) In addition to seeking $100,000 from each Defendant, Mr. Mardis seeks injunctive relief "to prevent Defendants from continuing *their* pattern of denying valid gap claims." (*Id.* PageID 4 (emphasis added).) Without more information regarding the nature of the relationships among the parties, the Court is unable to conclude that Car Source is dispensable. For this reason, the Court **DENIES** Plaintiff's motion to drop Car Source as a party to this action. (ECF No. 36.)

## II. The Dealer Loyalty Defendants' Motion to Dismiss for Lack of Jurisdiction (ECF No. 15)

With Car Source still a party in this case, the Court now turns to the Dealer Loyalty Defendants' motion. The Dealer Loyalty Defendants move to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), lack of personal jurisdiction under 12(b)(2), *forum non conveniens*, and in the alternative, they move to transfer venue to the United States District Court of New Jersey (Newark vicinage) under 28 U.S.C. § 1404(a). (ECF No. 15.) Mr. Mardis did not file a response in opposition to the Dealer Loyalty Defendants' motion. Nevertheless, because *pro se* litigants' filings are subject to "less stringent standards than formal pleadings drafted by lawyers," *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), the Court will apply the arguments from Mr. Mardis's opposition and sur-reply (ECF Nos. 9, 17) to Car Source's Motion, to the Dealer Loyalty Defendants' Motion.

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) falls into two categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack, like the one here, challenges "the sufficiency of the pleading itself," and the Court accepts the material allegations in the complaint as true and construed in the light

most favorable to the nonmoving party. *Id.* To survive a facial attack, the complaint must contain a "short and plain statement of the grounds" for jurisdiction. *Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016) (quoting Fed. R. Civ. P. 8(a)). The plaintiff has the burden of proving subject matter jurisdiction to survive a Rule 12(b)(1) challenge. *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996).

Mr. Mardis claims the Court has subject matter jurisdiction, because he has alleged federal claims related to Defendants' deceptive financial practices (ECF No. 9, PageID 31; ECF No. 17, PageID 83), and because diversity jurisdiction exists. (ECF No. 17, PageID 83–84.) The Dealer Loyalty Defendants argue that Mr. Mardis has failed to establish complete diversity, satisfy the jurisdictional amount in controversy, or plead a federal question on its face. (ECF No. 15, PageID 62–64.)

As the Court explained above, Mr. Mardis fails to establish federal question jurisdiction because he does not identify a federal question on the face of his Complaint. As for diversity jurisdiction, complete diversity does not exist because Mr. Mardis and Car Source are both citizens of Ohio. But even if Car Source was no longer a party in the case, Mr. Mardis fails to sufficiently allege that the amount in controversy exceeds $75,000.

The Dealer Loyalty Defendants contend the gap claim denial amounts to $2,503 in damages. (ECF No. 15, PageID 62.) Plaintiff seeks monetary damages for $100,000 from each Defendant (ECF No. 1, PageID 4), but he acknowledges that he suffered only $2,503 in "financial harm." (ECF No. 9, PageID 29; ECF No. 17, PageID 83.) Plaintiff nonetheless argues he adequately alleged the amount in controversy because compensatory damages, treble damages under the Ohio Consumer Sales Practices Act, and punitive damages "easily exceed $75,000." (ECF No. 17, PageID 83–84.)

"In a federal diversity action, the amount alleged in the complaint will suffice unless it appears to a legal certainty that the plaintiff in good faith cannot claim the jurisdictional amount." *Klepper v. First Am. Bank*, 916 F.2d 337, 340 (6th Cir. 1990) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co*., 303 U.S. 283, 288–89 (1938)). Legal certainty is not absolute—a "probability that the value of the matter in controversy exceeds the jurisdictional amount" is sufficient. *Worthams v. Atlanta Life Ins. Co.*, 533 F.2d 994, 997 (6th Cir. 1976).

Mr. Mardis has not alleged facts that demonstrate a probability that the value of his damages exceeds $75,000. The gravamen of Mr. Mardis's alleged damages is the difference between the insurance settlement payout for his totaled car, which he already received, and the remainder of the loan payout. When combined with Mr. Mardis's admission that he only suffered $2,503 in financial loss as a result of Dealer Loyalty's denial of his gap claim, this Court finds that Mr. Mardis cannot claim he suffered more than $75,000 in damages to a legal certainty. Mr. Mardis's Complaint does not seek punitive damages. (*See* Compl.) And statutory treble damages under the Ohio Consumer Sales Practices Act, Ohio Rev. Code § 1345.09(B), would not satisfy the threshold, as three times $2,503 falls well short of $75,000.

Thus, Mr. Mardis fails to demonstrate this Court's subject matter jurisdiction. Because subject matter jurisdiction does not exist, the Court declines to address the Dealer Loyalty Defendants' motion to dismiss for personal jurisdiction under Rule 12(b)(2), the *forum non conveniens* argument, and request to transfer under 28 U.S.C. § 1404(a). The Dealer Loyalty Defendants' Motion to Dismiss is **GRANTED**. (ECF No. 15.)

## III. Car Source's Motion to Dismiss for Lack of Jurisdiction (ECF No. 6)

Before Mr. Mardis filed his motion to dismiss Car Source only, Car Source filed a Motion to Dismiss for Lack of Jurisdiction. (ECF No. 6.) Given that Car Source has since engaged in settlement discussions with Mr. Mardis and supports Mr. Mardis's motion to drop it

as a party, the Court considers Car Source's Motion to Dismiss (ECF No. 6) withdrawn. For this reason and because the Court grants the Dealer Loyalty Defendants' Motion to Dismiss (ECF No. 15) above, Car Source's Motion to Dismiss is **DENIED as moot**. (ECF No. 6.)

## CONCLUSION

For the reasons stated herein, the Court **DENIES as moot** (ECF No. 6) Defendant Car Source's Motion to Dismiss for Lack of Jurisdiction; **GRANTS** (ECF No. 15) Defendant Dealer Loyalty and Richard Benevento's Motion to Dismiss for Lack of Jurisdiction; and **DENIES** (ECF No. 36) Plaintiff Kendle Mardis's Motion to Execute Release of All Claims & Conditional Dismissal with Prejudice as to Defendant Car Source Only. Mr. Mardis's claims against all Defendants are **DISMISSED WITHOUT PREJUDICE**.

Additionally, (ECF No. 43) Plaintiff Kendle Mardis's Motion for Leave to Serve Interrogatories & Request for Production of Documents is **DENIED as moot**.

The Clerk is **DIRECTED** to enter judgment and to terminate this case on the Court's docket.

**IT IS SO ORDERED.**

**8/17/2026**
**DATE**

**s/Edmund A. Sargus, Jr.**
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**